UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-61-HAB |
| ) | |
| DANURELL BLAIR ) | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion for Compassionate Release Under U.S.C. 3582(c)(1)(A) (ECF No. 80) and Motion for Appointment of Counsel Pursuant to 18 U.S.C. 3006A (ECF No. 81). This matter was referred to the Federal Community Defender for it to consider representing Defendant with respect to the Motion for Compassionate Release. The FCD has declined the representation. Following the FCD's declination, Defendant filed a supplement to his Motion for Compassionate Release (ECF No. 85) and the Government filed its brief in opposition (ECF No. 86). The Court has also received a letter from Tionna Blair, Defendant's wife. (ECF No. 87). This matter is now ripe for review.

**A.     Defendant's Crimes**

Defendant committed two bank robberies within six weeks of each other in late 2017. Following the second robbery, Defendant nearly struck a law enforcement officer with his getaway vehicle, and then led police on a 100+ mph chase on the wrong side of the road down State Road 3. In total, Defendant took approximately $40,000.00 in the two robberies.

Defendant was sentenced to a term of 70 months' imprisonment with an additional three years of supervised release. To date, Defendant has served approximately one-half of his term of incarceration. Defendant is currently housed at FCI Ashland in Ashland, Kentucky.

**B.     Legal Analysis**

The Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant seeks compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motions, he must first demonstrate that he meets the statutory exhaustion requirement to proceed further. The Government claims that Defendant did not seek a reduction in sentence, but Defendant has submitted both his request and the warden's denial as part of his supplementation. (ECF No. 85-1 at 9). The Government does not challenge the authenticity of Defendant's documents, and the

2

Court finds no reason to question whether the documented communication took place. Therefore, the Court finds that administrative remedies have been exhausted in this case.

The thrust of Defendant's motion is that his heart condition (cardiomyopathy) puts him at increased risk for serious complications from COVID-19. Defendant attached several medical records to his supplementation, all of which document the existence of his heart condition. Defendant also notes that he has completed several programs while incarcerated and that he has no history of incident reports since his transfer to the BOP.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting the Motion. True, Defendant does have a heart condition that could make him more susceptible to complications from COVID-19. However, at his last medical appointment his heart condition was noted to be "stable and asymptomatic." (ECF No. 85-1 at 16). Defendant was also noted to be "doing well and has no complaints of [chest pain], [shortness of breath] or edema." (*Id.* at 15). Defendant, who is 42, is not in an at-risk age group and his family history does little to aid his cause.

As for Defendant's confinement, FCI Ashland has no reported cases of COVID-19 as of the date of this order. *See* https://www.bop.gov/coronavirus/. However, even if it did, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather,

4

"a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited June 11, 2020); *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The lack of any reported cases of COVID-19 at FCI Ashland speak to the efficacy of the BOP's protocols. With 727 confirmed cases in Madison County, Indiana, where Defendant states he would reside if released, he is likely more protected from COVID-19 while incarcerated than he would be if the Court were to grant his motion.

Finally, with respect to the §3553(a) factors, the Court observes that Defendant has served only half of his original sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. While Defendant is commended on his clean disciplinary record and attempts at improving himself while incarcerated, the Court cannot overlook the disregard for human life that he displayed following the second bank robbery. With the aggravating circumstances of that second robbery in mind, the Court cannot conclude that the § 3553(a) factors warrant halving Defendant's sentence.

5

In sum, because this Court does not find extraordinary and compelling circumstances exist for Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and the Motions for Compassionate Release (ECF Nos. 80 and 85) are DENIED. Defendant's Motion for Appointment of Counsel (ECF No. 81) is DENIED as moot.

SO ORDERED on July 21, 2020.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT