UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-61-HAB |
| ) | |
| DANURELL BLAIR ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's letter (ECF No. 93) requesting that the Court reconsider its denial of his previous motion for compassionate release. As the Government notes, Defendant has not identified any additional grounds upon which to grant the requested relief that were not addressed in this Court's prior Opinion and Order. (ECF No. 90). Defendant identifies the same medical condition (cardiomyopathy) that places him at greater risk of complications from COVID-19. As the Court previously noted, that condition is "stable and asymptomatic." (*Id*. at 4).

If anything, Defendant's medical history provides weaker support for release now than it did when his prior request was denied in July 2020. Defendant has attached several medical records demonstrating that, in the interim, he contracted COVID-19. (ECF No. 100 at 10–33). Defendant does not appear to have been hospitalized or to have suffered from severe complications. The Court does not have to hypothesize as to Defendant's reaction to COVID-19; he has contracted the virus and lived to tell the tale.

There has been an uptick in infections at FCI Ashland, where Defendant is held: from zero infected inmates to one. *See* https://www.bop.gov/coronavirus/. However, this one confirmed, active case is not enough to change this Court's analysis.

For the foregoing reasons, and for the reasons set forth in this Court's prior Opinion and Order (ECF No. 90), Defendant's request for compassionate release (ECF No. 93) is DENIED.[1]

SO ORDERED on February 8, 2021.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT

---

[1] The Court is cognizant of the Seventh Circuit's recent opinion in *United States v. Sanford*, ___ F.3d ___ (7th Cir. Jan. 25, 2021), that held that full exhaustion of remedies is required before a prisoner can seek compassionate release under 18 U.S.C. § 3582(c)(1)(A). Here, Defendant's request for compassionate release was denied by the warden, and Defendant took no further administrative steps to challenge that denial. However, the warden's denial also failed to inform Defendant of any appeal rights. (ECF No. 88 at 10). Since *Sanford* provides the Court with no direction on how to proceed where a Defendant might not know his appeal options, the Court has examined the request on its merits.